UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LaPINE,

                      Plaintiff,                      Civil Action No. 19-13165

v.                                            Honorable David M. Lawson
                                                   Magistrate Judge David R. Grand

CITY OF DETROIT, COUNTY OF WAYNE,
WAYNE COUNTY PROSECUTOR OFFICE,
DR. HUQ, DR. MYLES, DR. PATSALIS,
RN DURAM, RN LONG, RN GRAHAM,
DET. JONES, DEPT. DEGASRIAPO,
CORP. DYER, CORP. DICKSEN, CORP.
BORDEAU, DEREK EMME, MICHAEL
MILESKI, MICHAEL NELSON, and
JANE AND JOHN DOES,

                      Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## PLAINTIFF'S MOTION TO AMEND/ALTER JUDGMENT (ECF NO. 9)

**I.    REPORT**

    **A.    Background**

Plaintiff Darrin LaPine ("Plaintiff"), a state inmate incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* civil rights complaint on October 28, 2019. (ECF No. 1). On December 26, 2019, the Court issued an order dismissing, in relevant part: (1) Plaintiff's claims concerning "challenges to [his] criminal prosecution for assault with intent to maim and the subsequent revocation of parole"; and (2) Plaintiff's municipal policy or custom claim against the City of Detroit. (ECF No. 7).

On January 27, 2020, Plaintiff filed a motion to alter or amend this order pursuant to Fed. R. Civ. P. 59(e), arguing that, in dismissing these claims, the Court misconstrued the nature of his allegations. (ECF No. 9). Subsequently, on February 19, 2020, Plaintiff filed an Amended Complaint as of right, pursuant to Fed. R. Civ. P. 15(a)(1)(B), in which he seeks to, *inter alia*, clarify his allegations with respect to the dismissed claims. (ECF No. 11).

**B.   Analysis**

A motion brought under Rule 59(e) may be properly analyzed as a motion for reconsideration pursuant to E.D. Mich. LR 7.1. *See Thomas v. State of Michigan*, No. 17-13756, 2018 WL 2948029, at *1 (E.D. Mich. June 13, 2018). Local Rule 7.1(h) requires the movant to "demonstrate a palpable defect by which the Court and the parties … have been misled [and] show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Id.* (citing *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997)).

Plaintiff first challenges the Court's decision to dismiss claims stemming from his "criminal prosecution for assault with intent to maim and the subsequent revocation of parole," as barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). (ECF No. 9, PageID.69-73). In *Heck*, the U.S. Supreme Court held, "[a] claim for damages [related] to a conviction or sentence that has not been [] invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

2

conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. In its prior order, the Court explained its application of *Heck's* reasoning to Plaintiff's claims as follows:

> LaPine's complaints about the criminal prosecution for assault with intent to maim and the subsequent revocation of parole *call into question the propriety of his criminal conviction*. Those allegations necessarily challenge the fact or duration of confinement, and *because the conviction ultimately was affirmed on appeal*, LaPine[] cannot proceed on those claims under 42 U.S.C. § 1983.
>
> The same reasoning applies to LaPine's challenges to the procedures used during the prison disciplinary proceedings ….
>
> LaPine asserts that the prison disciplinary charge led to the criminal charge, *which resulted in a conviction* and the revocation of parole. The duration of LaPine's confinement was directly affected by *the conviction* and the revocation of parole.

(ECF No. 7, PageID.62-63 (emphasis added)). Thus, the Court found that Plaintiff's claims arising out of the prison disciplinary proceeding and the criminal prosecution were barred by *Heck*. As a result, the Court dismissed Plaintiff's claims against the Wayne County Prosecutor's Office, Derek Emme, Michael Mileski, and Michael Nelson. (*Id.*, PageID.63).

Plaintiff now attempts to clarify that he is not challenging the May 2015 "prison disciplinary action" (i.e., the revocation of his parole); rather, he is challenging the subsequent criminal prosecution for assault with intent to maim, initiated in October 2016 in Wayne County Criminal Case 16-10265-01-FH. (ECF No. 9, PageID.69). Plaintiff argues that this Court erroneously concluded that he was convicted in that criminal matter,

3

asserting that "[t]here has been no conviction in that case."[1] (*Id.*, PageID.69, 75). It appears, then, that Plaintiff's instant malicious prosecution claim was mistakenly interpreted as stemming from a "criminal conviction" that was "affirmed on appeal" when, in fact, no such conviction has occurred. (ECF No. 7, PageID.62). Under the circumstances, then, Plaintiff's claims arising out of his criminal prosecution for assault should not have been dismissed *sua sponte*, and the Wayne County Prosecutor's Office and Derek Emme should be reinstated as defendants in this case.[2] [3]

Plaintiff also challenges the dismissal of his claim against the City of Detroit on the basis that he had not "identified a municipal policy or custom that caused his injuries." (ECF No. 7, PageID.64). In his complaint, Plaintiff alleges that, on or about February 21, 2017, while he was a pre-trial detainee being transported by Wayne County Sheriff's

---

[1] Indeed, it appears that these criminal charges were dismissed on grounds of "prearrest delay" in February of 2017. *See People of the State of Michigan v. LaPine*, No. 337719, 2018 WL 6004708, at *1 (Mich. Ct. App. Nov. 15, 2018). In November 2018, however, the Michigan Court of Appeals reversed and remanded the case for further proceedings, finding that Plaintiff did not "satisfy his burden of demonstrating any actual or substantial prejudice due to the delay between the commission of the alleged crime and his arrest." *Id.* at *2. Presently, the docket indicates that a jury trial is scheduled for April 13, 2020, in that criminal case. Thus, the relevant criminal charges remain pending.

[2] Although Plaintiff's complaint pled this claim against Michael Mileski and Michael Nelson as well, these individuals are not named as defendants in Plaintiff's amended complaint. (ECF No. 11). Thus, to the extent Plaintiff moves to alter or amend the Court's prior ruling to dismiss his claims against Mileski and Nelson, such a request should be denied.

[3] In *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), the Supreme Court overruled the line of cases applying *Heck* to bar claims filed before a conviction, finding instead that civil actions relating "to rulings likely to be made in a pending...criminal trial" should be stayed until the criminal case has ended. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal..." *Id.* at 394. While Plaintiff's claim may ultimately be stayed, the best approach at this juncture is to allow Defendants to be served with process, and then to either answer or otherwise respond to Plaintiff's amended complaint as they deem appropriate.

deputies through a tunnel between the Wayne County Courts and the Wayne County Jail, he was required to be handcuffed to another inmate, who fell, dragging Plaintiff down with him and causing injury. (ECF No. 1, PageID.7-8). Plaintiff alleges that the tunnel area where he fell "is part of the city of Detroit" and that "[i]f not for being handcuffed to this prisoner Plaintiff would not have fallen and been injured." (*Id.*, PageID.8).

In the instant motion, Plaintiff more clearly alleges that certain unknown City officials (identified as John and Jane Does in Plaintiff's complaint) promulgated "ordinances, regulations [and] decisions … to have the pretrial detainees handcuffed via transit from the Wayne County Jail, through the city to Wayne Counties Courts."[4] (ECF No. 9, PageID.75). Plaintiff alleges that, but for such a policy, he would not have been injured. (*Id.*). Although these allegations were not adequately spelled out in Plaintiff's complaint, under the circumstances, and in light of Plaintiff's clarification, his claim against the City of Detroit should be permitted to proceed at this early stage of the case.

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Motion to Amend/Alter Judgment **(ECF No. 9)** be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Wayne County Prosecutor's Office, Derek Emme, and the City of Detroit be **REINSTATED** as defendants in this action.

**IT IS FURTHER RECOMMENDED** that Plaintiff be required to provide the

---

[4] Similarly, in his amended complaint, Plaintiff alleges that "the custom, policy and common practice of Wayne county and the city of Detroit" to require prisoners to be handcuffed together during transport was the cause of injuries he suffered. (ECF No. 11, PageID.92).

5

Court with the addresses for each of these defendants, as well as those added as defendants in Plaintiff's Amended Complaint (Wellpath and Sheriff Benny Napoleon) so that service can be accomplished.

Dated: February 24, 2020　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2020.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager