UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LaPINE,

        Plaintiff,

v.                                                Case Number 19-13165
                                                 Honorable David M. Lawson
CITY OF DETROIT, COUNTY OF WAYNE,     Magistrate Judge David R. Grand
WAYNE COUNTY PROSECUTOR'S OFFICE,
DR. HUQ, DR. MYLES, DR. PATSALIS,
RN DURAM, RN LONG, RN GRAHAM,
DEPT. D. JONES, DEPT. DEGASRIAPO,
CORP. DYER, CORP. DICKSEN, CORP. BORDEAU,
DEREK EMME, JANE and JOHN DOES, WELLPATH
and BENNY NAPOLEON,

        Defendants.
_____/

**CORRECTED OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS,
GRANTING MOTION TO ALTER OR AMEND PREVIOUS ORDER
OF PARTIAL DISMISSAL AND CONTINUING ORDER OF REFERENCE**

Plaintiff Darrin LaPine, a state prisoner at the Macomb Correctional Facility in Lenox Township, Michigan, filed a *pro se* civil rights complaint alleging that the defendants have violated state law and his federal constitutional rights by prosecuting him for an assault on another inmate and by denying him medical care. The Court referred the case to United States Magistrate Judge David R. Grand under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3) to conduct pretrial proceedings. Before the referral, the Court screened the case under 28 U.S.C. § 1915(e)(2)(B) and dismissed several defendants (the Wayne County Prosecutor's Office, Derek Emme, Michael Mileski, Michael Nelson, and the City of Detroit) and claims. LaPine filed a motion to alter or amend that order under Federal Rule of Civil Procedure 59(e), arguing that the Court misconstrued the nature of his allegations in dismissing his claims. The plaintiff then filed an amended

complaint by right under Rule 15(a)(1)(B) in which he sought to clarify his allegations. On February 24, 2020, Magistrate Judge Grand filed a report recommending that LaPine's motion be granted and his case against the dismissed defendants reinstated. Despite the favorable outcome, LaPine filed objections in which he argued that Judge Grand's report did not describe fully his claims, Judge Grand's warning that the plaintiff's injuries were not spelled out adequately in the amended complaint should not preclude consideration of damages by a jury, and the County of Wayne should be recognized as maintaining an unconstitutional policy relating to the transport of prisoners.

The filing of timely objections to a report and recommendation requires the Court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

LaPine did not object substantively to any of the magistrate judge's conclusions. Nor should he have objected, as the magistrate judge recommended *granting* his Rule 59 motion. Although LaPine may have misunderstood, Judge Grand did not recommend that the Court reinstate LaPine's malicious prosecution claim to the exclusion of his other constitutional claims. He recommended that the Court grant LaPine's motion for reconsideration of the order dismissing his claims generally. Adopting the recommendation would result in reviving LaPine's claims for false arrest and imprisonment, conspiracy, pre-arrest delay, and a *Brady* violation (although they

could be subject to dismissal on other grounds). And although Judge Grand mentioned that LaPine's injury allegations were not adequately spelled out in the complaint, he still concluded that the *Monell* claim should be allowed to proceed. The statement about the sufficiency of LaPine's injury allegations was dictum; it served as a warning to LaPine that he would need to beef up his assertions if he wished to succeed on the claim. And LaPine's clarification about his requested remedy is just that — a clarification. It has no effect on the ultimate recommendation.

LaPine says more should be allowed than simple reinstating the Wayne County Prosecutor's Office, Derek Emme, and the City of Detroit as defendants. He asserts that the County of Wayne also had an unconstitutional policy or custom of handcuffing prisoners together while transporting them to court. Additionally, the County, he says, maintained an unconstitutional policy of not allowing wheelchairs, strollers, or canes in the cells or housing areas on the old side of the jail. However, that objection, such as it is, means little, since the Court never dismissed Wayne County from the case; it has been a party to this litigation since its inception. Allowing the objections would add nothing to the relief that the magistrate judge recommended.

Accordingly, it is **ORDERED** that the plaintiff's objections (ECF No. 13) are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation (ECF No. 12) is **ADOPTED.**

It is further **ORDERED** that the plaintiff's motion to amend or alter judgment (ECF No. 9) is **GRANTED**.

Case 2:19-cv-13165-DML-CI    ECF No. 17    filed 10/30/20    PageID.123    Page 4 of 4

It is further **ORDERED** that that the Wayne County Prosecutor's Office, Derek Emme, and the City of Detroit are **REINSTATED** as defendants in this action.

It is further **ORDERED** that the plaintiff is required to provide the Court with the addresses for each of these defendants, as well as those added as defendants in the plaintiff's amended complaint (Wellpath and Sheriff Benny Napoleon) so that service can be accomplished.

It is further **ORDERED** that the previous reference order (ECF No. 10) remains in force.

<pre>
                              s/David M. Lawson
                              DAVID M. LAWSON
                              United States District Judge
</pre>

Dated:   October 30, 2020