UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,
                    Plaintiff,

v.

CITY OF DETROIT, COUNTY
OF WAYNE, WAYNE COUNTY
PROSECUTOR OFFICE, DR.
HUQ, DR. MYLES, DR.
PATSALIS, RN DURAM, RN
LONG, RN GRAHAM, D.
JONES, DEPT. DEGASRIAPO,
CORP. DYER, CORP. DICKSEN,
CORP. BORDEAU, DEREK
EMME, WELLPATH, BENNY
NAPOLEON, and JANE AND
JOHN DOES,
                    Defendants.
_____/

Case No.: 19-13165

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND
MOTION TO APPOINT COUNSEL (ECF No. 27)**

Plaintiff Darrin LaPine initiated this *pro se* prisoner civil rights suit on

October 28, 2019.  (ECF No. 1).  This case was referred to the undersigned for all

pretrial matters on November 25, 2020.  (ECF No. 22).

On November 10, 2020, LaPine filed his first motion to appoint counsel.

(ECF No. 19).  According to his pleading, LaPine requested appointment of

counsel because the prison lockdown enacted due to the COVID-19 pandemic

made it difficult for him to prosecute his case.  He asserted he had "little to no

access to the Court" and he needed the assistance of counsel to file motions, to investigate, and to conduct discovery.  (*Id.* at PageID.125).  On December 2, 2020, the Court denied the motion because LaPine failed to persuade the Court it should exercise its discretion to appoint counsel at this stage of the case.  (ECF No. 23, PageID.134-35).

On December 11, 2020, LaPine filed a second motion to appoint counsel that is currently pending before the Court.  (ECF No. 27).  In support of the motion, he restated the difficulties caused by the pandemic and continued prison lockdown; namely, the lack of access to the law library and the Court.  In addition, he asserted this case is too complex for him to prosecute by himself—there are Jane and John Doe defendants he believes he will not be able to identify without assistance of counsel, he cannot file motions without assistance of counsel, and he cannot obtain evidence or conduct discovery without assistance of counsel.  (*Id.* at PageID.156-57).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff.  *Reneer v. Sewell*, 975 F.2d 258 (6th Cir. 1992).  As stated in the Court's first Order denying appointment of counsel, there is no constitutional right to the appointment of counsel in civil cases.  *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981).  Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights

2

cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

In his motion, LaPine listed the many claims he contends he raised against the defendants, including inadequate medical care, false arrest, due process violations, and other constitutional and state law claims. Although he brought many different claims against many defendants, his claims do not appear overly complex. And, his briefs and other filings with the court demonstrate that he has an adequate understanding of the issues and matters involved in this case, and has an adequate understanding of litigation. Moreover, the difficulties a prisoner-litigant may have in conducting discovery do not warrant appointment of counsel, without more. Difficulties in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties are not to be considered as necessitating appointment of counsel. *Lafountain v. Martin*, 2009

WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance.").  Plaintiff has a variety of discovery tools at his disposal during the discovery period if and when discovery begins, including conducting depositions by written questions and sending discovery requests to the defendants targeted at identifying and locating witnesses or defendants.  Thus, his status as a prisoner should not unduly impede his ability to conduct discovery.

Furthermore, since the Court denied LaPine's first motion to appoint counsel on November 10, 2020, there has not been, and LaPine has not alleged, any change in circumstances in this matter that would warrant the appointment of counsel at this juncture.  The Court is aware of the difficulties posed by the pandemic on all litigants, including those who are incarcerated.  Should LaPine's lack of access to the law library, due to the pandemic, delay his ability to respond or bring a motion to this Court, he may file a simple request for enlargement of time explaining the circumstances.  Dispositive motions have not yet been decided.  Should a dispositive motion be decided in plaintiff's favor on the merits of his claims, he may re-file the motion for the appointment of counsel.

For the reasons stated above, LaPine's motion to appoint counsel (ECF No. 27) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: December 30, 2020                    s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 30, 2020, by electronic means and/or ordinary mail.

                                           s/Kristen MacKay
                                           Case Manager
                                           (810) 341-7850