UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,                          Case No.: 19-13165
                    Plaintiff,

v.                                      David M. Lawson
                                        United States District Judge

CITY OF DETROIT, COUNTY
OF WAYNE, WAYNE COUNTY                  Curtis Ivy, Jr.
PROSECUTOR OFFICE, DR.                  United States Magistrate Judge
HUQ, DR. MYLES, DR.
PATSALIS, RN DURAM, RN
LONG, RN GRAHAM, D.
JONES, DEPT. DEGASRIAPO,
CORP. DYER, CORP. DICKSEN,
CORP. BORDEAU, DEREK
EMME, WELLPATH, BENNY
NAPOLEON, and JANE AND
JOHN DOES,
                    Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD
MOTION TO APPOINT COUNSEL (ECF No. 29)**

Plaintiff Darrin LaPine initiated this *pro se* prisoner civil rights suit on

October 28, 2019.  (ECF No. 1).  This case was referred to the undersigned for all

pretrial matters on November 25, 2020.  (ECF No. 22).

On November 10, 2020, LaPine filed his first motion to appoint counsel.

(ECF No. 19).  According to his pleading, LaPine requested appointment of

counsel because the prison lockdown enacted due to the COVID-19 pandemic

made it difficult for him to prosecute his case.  He asserted he had "little to no

access to the Court" and he needed the assistance of counsel to file motions, to

investigate, and to conduct discovery. (*Id.* at PageID.125). On December 2, 2020,

the Court denied the motion because LaPine failed to persuade the Court it should

exercise its discretion to appoint counsel at this stage of the case. (ECF No. 23,

PageID.134-35).

On December 11, 2020, LaPine filed a second motion to appoint counsel.

(ECF No. 27). In support of the motion, he restated the difficulties caused by the

pandemic and continued prison lockdown; namely, the lack of access to the law

library and the Court. In addition, he asserted this case is too complex for him to

prosecute by himself—there are Jane and John Doe defendants he believes he will

not be able to identify without assistance of counsel, he cannot file motions

without assistance of counsel, and he cannot obtain evidence or conduct discovery

without assistance of counsel. (*Id.* at PageID.156-57). On December 30, 2020, the

Court denied the motion without prejudice. (ECF No. 28). The Court found

LaPine demonstrated an adequate understanding of his case and of litigation in

general, as demonstrated by his filings in this case, and the circumstances had not

materially changed since his first motion was denied. (*Id.* at PageID.162-63). The

Court further stated, "Should LaPine's lack of access to the law library, due to the

pandemic, delay his ability to respond or bring a motion to this Court, he may file a

2

simple request for enlargement of time explaining the circumstances." (*Id.* at PageID.163).

LaPine filed a third motion for appointment of counsel on January 15, 2021, this time stating his motion was an "emergency." (ECF No. 29). In support of his third motion, he asserted other prisoners have been appointed counsel on the same request. He also stated he was assaulted on December 30, 2020, and January 5, 2021, by gang members. According to LaPine, the assaults were "hits ordered by MRF [prison] employees" because of his filing grievances and civil actions. As a result of the assaults, he was placed in segregation, he has headaches and blurred vision, and he does not have access to his legal materials and writing supplies. (*Id.* at PageID.165).

The standard for appointment of counsel has been adequately explained in both prior Orders, (*see* ECF Nos. 23, 28), and will not be repeated here. Plaintiff's current stay in the prison's segregation unit does not warrant appointment of counsel. *See, e.g.*, *Jeter v. Lawless*, 2019 WL 6044202, at *1 (S.D. Ohio Nov. 15, 2019) (denying motion to appoint counsel despite the plaintiff's inability to afford counsel, his placement in segregation, and his limited access to the law library). As stated in the Court's prior Order, should Plaintiff's lack of access to his legal materials or the law library delay his ability to respond or bring a motion to this Court, he may file a simple request for enlargement of time explaining the

circumstances.  Should a dispositive motion be decided in plaintiff's favor on the merits of his claims, he may re-file the motion for the appointment of counsel.

For these reasons, LaPine's third motion to appoint counsel (ECF No. 29) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date:  January 29, 2021                    s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2021, by electronic means and/or ordinary mail.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850