UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,
     Plaintiff,

v.

CITY OF DETROIT, COUNTY
OF WAYNE, WAYNE COUNTY
PROSECUTOR'S OFFICE, DR.
HUQ, DR. MYLES, DR.
PATSALIS, RN DURAM, RN
LONG, RN GRAHAM, D.
JONES, DEPT. DEGASRIAPO,
CORP. DYER, CORP. DICKSEN,
CORP. BORDEAU, DEREK
EMME, WELLPATH, BENNY
NAPOLEON, and JANE AND
JOHN DOES,
     Defendants.
_____/

Case No.: 19-13165

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## REPORT AND RECOMMENDATION GRANTING IN PART, DENYING IN PART MOTIONS TO SEVER AND REVOKE IFP STATUS (ECF Nos. 32, 45)

## I.    PROCEDURAL HISTORY

Plaintiff Darrin LaPine filed this prisoner civil rights action on October 28, 2019, without the assistance of counsel. (ECF No. 1). On December 26, 2019, Plaintiff's application to proceed *in forma paupers* ("IFP") was granted. (ECF No. 7).

On March 1, 2021, Defendants County of Wayne and Wayne County Prosecutor's Office filed a motion for revocation of Plaintiff's IFP status and to sever claims. (ECF No. 32). After granting an extension, Plaintiff's response to the motion was due June 7, 2021. On April 22, 2021, Defendants RN Duram, RN Long, RN Graham, and Wellpath filed a similar motion for revocation of IFP status and to sever claims. (ECF No. 45). Plaintiff's response, after granting an extension, was due August 16, 2021. On August 2, 2021, Plaintiff filed a single response brief. (ECF No. 53). The undersigned construes this as a joint response to both motions.

This matter was referred to the undersigned for all pretrial matters. (ECF No. 18).

For the reasons discussed below, the undersigned recommends claims in this matter be severed and IFP status be maintained for the claims that remain.

## II.  FACTUAL BACKGROUND

In his amended complaint, Plaintiff alleges multiple occurrences which he alleges violated his civil rights.

The first asserted claims involve an assault charge and subsequent prosecution. Plaintiff contends during May 2015 he was falsely accused of assaulting another inmate by attempting to gouge his eyes out. To defend himself from the charge in the prison disciplinary action, Plaintiff requested video footage

from pertinent areas of the prison and witnesses who would speak on his behalf.

Plaintiff did not receive any of the requested materials and was not afforded an

opportunity to question any witnesses.  Plaintiff states he was found guilty of the

charge without due process.  He filed several grievances against prison officials

who refused to investigate the matter.  (ECF No. 11, PageID.85-87).  Plaintiff was

clear, however, that he "does not challenge th[is] misconduct in this suit."  (*Id.* at

PageID.86).  During October 2015, Defendant Sergeant Derek Emme made a

request for a warrant regarding the assault.  Emme omitted Plaintiff's discovery

requests, the prison hearing investigation report, and the hearing report from the

request.  (*Id.* at PageID.88).  During September 2016, almost one year later,

Defendant Wayne County's Prosecutor's Office signed the warrant, despite there

having been no investigation into the matter.  (*Id.* at PageID.89).  Later, on October

18, 2016, Plaintiff was arraigned on the assault charge, allegedly without probable

cause, in the criminal prosecution.  Plaintiff contends the evidence demonstrated

there was no assault as alleged, and this evidence would have come to light had

there been an investigation.  (*Id.* at PageID.89-90).  What he appears to challenge

in this case is his arrest, imprisonment, and malicious prosecution for the alleged

assault.  He challenges "the process and the abuse of process."  (*Id.* at PageID.88-

89).

Relatedly, Plaintiff alleges on February 27, 2017, the State court dismissed the charge with prejudice for pre-arrest delay.  The prosecutor's office appealed; the Court of Appeals reversed the lower court and reinstated the charges.  Plaintiff argues the prosecutor's office committed fraud by misrepresenting the evidence in its appeal.  (*Id.* at PageID.95-96).  Plaintiff does not challenge the court decisions, but alleges the charge against him was the result of retaliation and conspiracy violating the First, Fourth, Fifth, and Fourteenth Amendments.  (*Id.* at PageID.96-97).

The two other matters in the amended complaint concern Plaintiff's conditions of confinement.  One set of incidents took place during February 2017.  Plaintiff explained he suffers from back and knee injuries.  The Wayne County Jail, where he was housed at the time, was aware that he used a cane to ambulate and unable to climb stairs.  On February 21, 2017, Plaintiff and two other inmates were being returned to the jail from the courthouse with defendant Corporal Dyer.  Two unknown jail deputies approached them and instructed Plaintiff and another inmate, to whom he was handcuffed, to take the stairs.  Plaintiff protested, citing his medical issues and pointing out the jail knew he could not take the stairs.  Defendant Dyer said nothing.  While still handcuffed together, Plaintiff and the other inmate began climbing the 26 stairs.  Near the top, the other inmate lost his footing and both men tumbled to the bottom.  (*Id.* at PageID.91-92).  Plaintiff

4

asserts the City of Detroit and the Wayne County Sheriff have a policy of handcuffing inmates together and forcing them to climb the stairs.  Although he screamed in pain, Plaintiff was not taken to receive medical treatment for a number of hours.  Nevertheless, while at the medical unit, he did not receive care and was instead returned to his cell.  After receiving no care, he complained to Defendant Deputy Jones.  Jones merely laughed at him.  Defendant Corporal Dicksen threatened he would beat Plaintiff if he mentioned needing to return to medical once more.  (*Id.* at PageID.93).  As he did not receive a wheelchair or other assistive device, Plaintiff was forced to crawl back to his cell.

The next day, February 22, 2017, Defendants Degasriapo and Jones took Plaintiff to medical.  There, the deputies, doctors, and nurses laughed at him and did not provide any treatment.  (*Id.* at PageID.94).  Defendant Dr. HuQ made Plaintiff walk; when Plaintiff fell he and others would laugh.  Plaintiff was finally given a stroller and taken back to his cell by Defendant Corporal Bordeau, but he was not allowed to use the stroller in the cell.  Plaintiff was told, per Wayne County policy, he could not have a stroller or wheelchair where he was housed, that only the "new side" of the jail could accommodate that.  He asked to be moved to the new side but was again met with laughter.  On February 24, 2017, Degaspriapo asked Plaintiff if he needed to go to medical.  Although Plaintiff said

he did, the deputy would not allow him to use a wheelchair.  Since Plaintiff could

not walk, he did not proceed to medical that day.  (*Id.* at PageID.95).

The last claim is against Wellpath and associated defendant nurses and

doctors (Drs. HuQ, Myles, and Patsalis, and nurses Duram, Long, and Graham).

Plaintiff alleges his spinal surgery, scheduled twice while he was housed at the

Wayne County Jail, was canceled.  The latest cancellation was for surgery

scheduled on October 2, 2019.  He also alleges he was denied his Neurontin

medication due to a Wellpath policy to not provide non-formulary medication.  (*Id.*

at PageID.97).  Because his surgery was cancelled, he alleges he was placed at risk

of paralysis and endured severe pain.  (*Id.* at PageID.99).  He claims a violation of

the Eighth Amendment by the Wellpath defendants.

## III.   ANALYSIS AND RECOMMENDATIONS

Defendants maintain Plaintiff improperly joined claims and defendants in

this lawsuit.  Defendants may be joined in one action if "(A) any right to relief is

asserted against them jointly, severally, or in the alternative with respect to or

arising out of the same transaction, occurrence, or series of transactions or

occurrences; and (B) any question of law or fact common to all defendants will

arise in the action."  Fed. R. Civ. P. 20(a)(2).  Rule 18(a) provides: "A party

asserting a claim . . . may join, as independent or alternative claims, as many

claims as it has against an opposing party."  When multiple parties are named, the

analysis under Rule 20 precedes that under Rule 18. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E. D. Mich. 2009). Thus, when joining multiple defendants in a single action, the two-part test of Rule 20(a)(2) must be met. In the event of misjoinder, "[o]n motion or on its own, the court may at any time, on just terms, . . . drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "[P]laintiffs . . . do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009).

In this case, Plaintiff does not meet the two-part test of Rule 20(a)(2) for joinder of multiple defendants. His first series of claims concerns the assault charge and prosecution in Wayne County. While these claims may arise out the same transaction, occurrence, or series of transactions or occurrences, they do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the conditions of confinement claims. The confinement claims concern different facts, different legal standards, and different defendants from the assault and prosecution claims. The two confinement claims, however, are properly joined. The first of the claims—being forced to take the stairs, falling down the stairs, and being refused medical care—arises out of the same series of transactions or occurrences and thus should not be severed into separate claims. The Wellpath defendants who moved for severance acknowledge the refusal of

medical care claim is also against them.  (ECF No. 45, PageID.285).  The Wellpath

defendants are also named in the second set of confinement claims—cancelled

surgery and denied medication.  Pursuant to Rule 18, a party may raise as many

claims as it has against another party.  Accordingly, both conditions of

confinement claims are properly joined together.

Plaintiff's contention that all the claims are related because the conditions of

confinement claims would not exist if he were not confined on the assault charge is

unavailing.  The connection Plaintiff poses is tenuous and for the reasons explained

hereinabove, does not meet Rule 20(a)(2)'s two-part test.

In the event of misjoinder, Federal Rule of Civil Procedure 21 gives the

Court discretion to either add or drop a party or sever any claim against a party "on

just terms."  Several courts have interpreted "on just terms" to mean "without

gratuitous harm to the parties."  *See Harris v. Gerth*, 2008 WL 5424134, *5 (E.D.

Mich. Dec. 30, 2008) (citing cases).  The undersigned suggests severing the assault

and prosecution claims from this matter and dismissing those claims without

prejudice.  *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009)

("Misjoinder of parties is not sufficient to dismiss an action as a whole under Rule

21, but it can be sufficient to dismiss misjoined parties.") (citations omitted).

Permitting all of Plaintiff's claims to go forward together in this action would be

cumbersome given the differences between the claims and defendants associated

8

with each claim.  Moreover, pertinent for present purposes (discussed *infra*),

prisoners should not be allowed to proceed with multiple defendant litigation on

unrelated claims in order to circumvent the filing fee requirements for federal civil

actions or the Prison Litigation Reform Act's three strikes provision.  *See George*

*v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

 The moving defendants further argue Plaintiff's IFP status should be

revoked because at least three of his prior cases have been dismissed as frivolous,

malicious, or as failing to state a claim on which relief can be granted.  (ECF No.

32, PageID.195-96; ECF No. 45, PageID.278-80).

 Pursuant to 28 U.S.C. § 1915(g) of the PLRA, if a plaintiff has three or more

"strikes," that is, three or more prisoner actions or appeals dismissed on the

grounds that they were frivolous, malicious, or failed to state a claim on which

relief can be granted, the plaintiff may not file another action with pauper status.

Section 1915(g) provides in pertinent part:

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  Dismissal is proper "under the provisions of 28 U.S.C.

§ 1915(g) of the . . . [PLRA], which precludes the filing of in forma pauperis (IFP)

civil actions by a prisoner who has had similar petitions dismissed as frivolous on

three or more prior occasions."  *Wilson v. Yaklich*, 148 F.3d 596, 599 (6th Cir.

1998).  Defendants raised this issue in their briefs.  (ECF Nos. 32, 45).  The issue

"may [also] be raised by a federal court sua sponte."  *Bowker v. United States*,

2006 WL 2990519, *3 (N.D. Ohio 2006) (internal citation omitted) (citing

*McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998); *Witzke v. Hiller*,

966 F. Supp. 538, 539 (E.D. Mich. 1997)).

A plaintiff may still maintain a civil action despite having had three or more

civil actions dismissed for failure to state a claim if he is "under imminent danger

of serious physical injury."  28 U.S.C. § 1915(g).  To establish this exception, he

must allege he is under imminent danger at the time of filing the complaint and

seeking in forma pauperis status.  *See Vandiver v. Vasbinder*, 416 F. App'x 561

(6th Cir. Mar. 28, 2011).

Despite Defendants' contention, the Court previously acknowledged

Plaintiff's litigation history includes three or more previous civil cases dismissed

as frivolous or for failure to state a claim.  (*See* ECF No. 7, PageID.57) (citing

*LaPine v. Romanowski*, No. 15-cv-11362, ECF No. 6, PageID.42-43 (E.D. Mich.

May 15, 2015) (collecting cases)).  The Court concluded Plaintiff's allegation

regarding the canceled surgery met the exception to the three strikes rule and granted the application to proceed IFP.  The defendants have not offered compelling grounds to revisit that ruling.[1]

In that initial Order concerning the IFP application, the Court did not expressly address whether Plaintiff's other claims similarly meet the exception to the three strikes rule.  In light of the recommendation to sever Plaintiff's claims, and in the interest of thoroughness, this issue will now be addressed.  Plaintiff's claim regarding the assault charge and prosecution does not meet the exception— he did not allege, nor is it evident, he is under imminent danger with respect to this claim.

Plaintiff's only argument with regard to his IFP status is that the defendants did not move to revoke IFP status until over a year after the complaint was filed, implying they should not be allowed to do so now.  This argument is unavailing as the defendants moved for revocation shortly after they were served with the complaint and, in any event, the delay should be considered harmless as the Court may revoke IFP status on its own.

---

[1] Reconsideration of this issue is unwarranted pursuant to the law of the case doctrine. Under this doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Arizona v. California*, 460 U.S. 605, 618 (1983).  Application of the doctrine is discretionary, and courts should be reluctant, absent good cause, to revisit prior rulings.  *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997).

Since the Court granted IFP status specifically finding Plaintiff's canceled surgery claim meets the exception, the undersigned recommends that claim and the other confinement claim be allowed to move forward in this case with IFP status intact. The assault and prosecution claims should be dismissed without prejudice. Plaintiff may file a separate lawsuit to address those claims. If he choses to do so, he should be required to pay the filing fee in that case. To be clear, the defendants named in the assault and prosecution claims are the Wayne County Prosecutor's Office and Defendant Derek Emme—these defendants and the claims against them should be dismissed without prejudice.

If this Report and Recommendation is accepted, the undersigned suggests Plaintiff be ordered to file a second amended complaint containing only the conditions of confinement claims and that the remaining defendants be ordered to respond to the amended complaint within 21 days of service of the complaint.[2]

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motions to Sever Claims (ECF Nos. 32, 45) be **GRANTED IN PART, DENIED IN PART**, the conditions of confinement claims be allowed to proceed, and the remaining claims be dismissed without prejudice. The undersigned further

---

[2] The undersigned will address the remaining service issues in this case after the Court's ruling on this Report and Recommendation.

**RECOMMENDS** that Plaintiff's *in forma pauperis* status be kept as to the conditions of confinement claims which remain in this case.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  October 12, 2021            s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 12, 2021, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850