UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,
  Plaintiff,

v.

CITY OF DETROIT, COUNTY
OF WAYNE, WAYNE COUNTY
PROSECUTOR'S OFFICE, DR.
HUQ, DR. MYLES, DR.
PATSALIS, RN DURAM, RN
LONG, RN GRAHAM, D.
JONES, DEPT. DEGASRIAPO,
CORP. DYER, CORP. DICKSEN,
CORP. BORDEAU, DEREK
EMME, WELLPATH, BENNY
NAPOLEON, and JANE AND
JOHN DOES,
  Defendants.

_____/

Case No.: 19-13165

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON WAYNE COUNTY
DEFENDANTS' MOTION TO DISMISS (ECF No. 65) AND ON
<u>DECEASED DEFENDANTS</u>**

## I. PROCEDURAL HISTORY

Before the Court is a motion to dismiss filed by Wayne County, Wayne

County Sheriff Raphael Washington, and Wayne County Prosecutor's Office

("Wayne County Defendants"). (ECF No. 65). This motion is fully briefed. (ECF

Nos. 74, 75). Also before the Court are suggestions of death served on the next of

kin for defendants Dr. Patsalis and Dr. Myles.  (ECF No. 64).  More than 90 days

have elapsed since those suggestions of death where filed.

For the reasons discussed below, the undersigned **RECOMMENDS** that

Wayne County Defendants' motion to dismiss be **GRANTED** and the deceased

defendants be **DISMISSED**.

## II.    ANALYSIS AND RECOMMENDATIONS

A.    <u>Motion to Dismiss</u>

The Court severed the claims, leaving only Plaintiff's claim about deliberate

indifference in 2019 while he was housed at the Wayne County Jail.  The relevant

facts from the amended complaint were summarized in that Order:

> LaPine alleges that he was scheduled for spinal surgery
> on October 2, 2019 to treat a nerve root impingement,
> spinal stenosis, degenerative disk disease, acute sciatica,
> herniated and bulging disks, arthritis, and neuropathy. He
> says he was assured by Wellpath defendants Duram,
> Graham, and Long that the scheduled surgery had been
> coordinated with Henry Ford Hospital. Dr. Patsalis and
> Dr. Myles also assured LaPine that he was having
> surgery on October 2, 2019. According to LaPine, the
> surgery was not performed, and there is a reasonable
> likelihood that he will be paralyzed as a result. LaPine
> also alleges that Dr. Patsalis repeatedly refused to give
> him the medication he needed for his neuropathy, causing
> him severe pain.

(ECF No. 59, PageID.408) (internal citations omitted).  Plaintiff alleged that his

medical needs were not met at the Wayne County jail and that the Wayne County

Defendants, among others, owed him a duty not to be deliberately indifferent to his needs.  (ECF No. 11, PageID.99-100).

Wayne County Defendants argue they should be dismissed because the amended complaint does not allege their involvement in any Wellpath healthcare decisions, and even if it did, Plaintiff failed to state a municipal liability claim. (ECF No. 65).  In response, Plaintiff argues that Wayne County jail was responsible for transporting him to offsite care, and it is therefore liable for the failure to schedule him for and transport him to a surgery appointment.  (ECF No. 74, PageID.491).  He asserts that through discovery he will be able to identify a pattern of not transporting individuals to offsite appointments.  (*Id.* at PageID.492). In reply, the defendants reiterate their argument that the amended complaint contains no allegations against them and urge the Court to reject the "new" municipality liability claim asserted in Plaintiff's response brief.  (ECF No. 75).

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim

need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court also holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and

10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

In the view of the undersigned, the Wayne County Defendants are correct that Plaintiff did not state a plausible claim to relief against them.  "A plaintiff who sues a municipality for a constitutional violation under § 1983 must prove that the municipality's policy or custom caused the alleged injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978)).  In *Monell*, the Supreme Court held that municipalities are "persons" subject to suit under § 1983.  436 U.S. at 700-01.  However, such a claim may be brought only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694.

The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted).  For these reasons, to succeed on a *Monell* claim, a plaintiff must first allege that the municipality itself caused a constitutional tort.  *Monell*, 436 U.S. 658 at 691.  "A municipality cannot be held liable solely

because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. Second, a plaintiff must show that the alleged conduct qualifies as a policy. *Monell* municipal liability may attach where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690. *Monell* liability may also attach when a plaintiff alleges "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690-91. A plaintiff must claim that "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Third, a plaintiff must show causation. In other words, a plaintiff must connect the policy to the particular injury alleged.

Plaintiff did not make any of the required allegations against any of the Wayne County Defendants in the amended complaint. The statements he made in his response brief that Wayne County is liable for the failure to transport him to surgery were not made in the complaint and will not be considered. "[A] plaintiff may not amend his complaint by adding factual allegations as a part of a response

in opposition to a motion to dismiss." *Key v. Metro Nashville Police Dept.*, 2021 WL 809686, at *5 (M.D. Tenn. Mar. 3, 2021) (citing *Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint.  They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Likewise, his assertion that he will uncover evidence of a pattern of unconstitutional practice in discovery are unavailing because he did not allege that the County had a pattern of unconstitutional practice.[1]

   B.   Deceased Defendants

   As explained in a previous Order (ECF No. 42), under Federal Rule of Civil Procedure 25(a)(1), if a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.  Rule 25(a)(1) permits a motion for substitution to be made "within 90 days after service of a statement noting the death[.]"  The Rule further provides that if such a motion is not timely filed "the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1).  "Two steps are required for the 90-day period to commence.  First, the suggestion

---

   [1] Although Plaintiff requested in his response brief that he be allowed to amend his complaint if his allegations were insufficient, that request should not be considered here.  If Plaintiff wants to amend his complaint, he should file a motion to amend under Fed. R. Civ. P. 15 and Local Rule 15.

of death must be made upon the record." *Jones v. Leiter*, 2019 WL 2994499, at *1 (W.D. Mich. July 9, 2019) (quoting *Jenkins v. Macatawa Bank Corp*., 2007 WL 737746, at *1 (W.D. Mich. Mar. 7, 2007)).  "Second, the suggestion of death must be served upon the other parties and the deceased's successor [and i]f the deceased's successor is a non-party, then the suggestion of death must be served in accordance with Rule 4." *Id.*

Suggestions of death were filed for both defendants Dr. Patsalis and Dr. Myles.  (ECF Nos. 38, 39).  On March 2, 2022, the Wellpath defendants filed notice of service of the suggestions of death on the decedents' next of kin.  (ECF No. 64).  These notices explain that the next of kin were served in accordance with Fed. R. Civ. P. 4.  Green cards establishing successful service were attached to the notice.  More than 90 days have elapsed since the filing of the notice of service of the suggestions of death and no motion to substitute either defendant has been filed.  Thus, the undersigned recommends that defendant Drs. Patsalis and Myles be dismissed under Fed. R. Civ. P. 25(a)(1).

## III.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Wayne County Defendants' Motion to Dismiss (ECF No. 65) be **GRANTED**, that Wayne County Defendants be dismissed, and that defendants Dr. Patsalis and Dr. Myles be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 13, 2022             s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 13, 2022.

                                      s/Kristen MacKay
                                      Case Manager
                                      (810) 341-7850