UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRIN LAPINE,<br>     Plaintiff,<br>v.<br><br>CITY OF DETROIT, COUNTY OF WAYNE, WAYNE COUNTY PROSECUTOR OFFICE, DR. HUQ, DR. MYLES, DR. PATSALIS, RN DURAM, RN LONG, RN GRAHAM, D. JONES, DEPT. DEGASRIAPO, CORP. DYER, CORP. DICKSEN, CORP. BORDEAU, DEREK EMME, WELLPATH, BENNY NAPOLEON, and JANE AND JOHN DOES,<br>     Defendants.<br>_____/ | Case No.: 19-13165<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING MOTION TO EXTEND (ECF No. 82) and DENYING**
**WITHOUT PREJUDICE PLAINTIFF'S FOURTH MOTION TO APPOINT**
**COUNSEL (ECF No. 83)**

Plaintiff Darrin LaPine initiated this *pro se* prisoner civil rights suit on October 28, 2019. (ECF No. 1). This case was referred to the undersigned for all pretrial matters on November 25, 2020. (ECF No. 22).

Before the Court is Plaintiff's fourth motion to appoint counsel. He seeks the appointment of counsel after learning that his counsel in a different civil lawsuit he filed will not represent him in this case. In support of the motion, he

states that it is painful for him to type documents because of issues with his wrists that he has dealt with during this litigation. (ECF No. 82).

The standard for appointment of counsel has been adequately explained in prior Orders, (*see* ECF Nos. 23, 28, 31), and will not be repeated here. While the Court is sympathetic to Plaintiff's wrist issues that complicate the ability to type, that difficulty is not cause, alone, to justify the appointment of counsel. Should the wrist issues cause Plaintiff to need more time to draft a filing, he may move to extend a deadline. And should a dispositive motion be decided in Plaintiff's favor on the merits of his claims, he may re-file the motion for the appointment of counsel. For these reasons, Plaintiff's fourth motion to appoint counsel (ECF No. 82) is **DENIED WITHOUT PREJUDICE**.

Plaintiff also moved to extend case management deadlines because, at the time of this motion, he was attempting to obtain counsel to represent him here, and if he could not obtain counsel, he requests more time for him to handle discovery himself. (ECF No. 81). Defendants do not oppose a 30-day extension of the discovery and dispositive motion deadlines. (ECF No. 84).

The motion to extend deadlines is **GRANTED**. Given that Plaintiff does not have counsel to represent him here, the Court will grant a 60-day extension of case deadlines. **Discovery** must be complete no later than **April 13, 2023**, and

**dispositive motions** must be filed on or before **May 12, 2023**. <u>No further extensions will be granted absent extraordinary circumstances</u>.

  **IT IS SO ORDERED**.

  The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date:           <u>s/Curtis Ivy, Jr.</u>
              Curtis Ivy, Jr.
              United States Magistrate Judge

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on_____, by electronic means and/or ordinary mail.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850
