UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,
                        Plaintiff,

v.

CITY OF DETROIT, RN DURAM, RN LONG, RN GRAHAM, , WELLPATH, and JANE AND JOHN DOES,
                        Defendants.
_____/

Case No.: 19-13165

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER GRANTING MOTION TO COMPEL AND EXTENDING DISPOSITIVE MOTION DEADLINE

Before the Court is Defendant's motion to compel.  Discovery closed on April 13, 2023.  Before that date, Defendants sent interrogatories and requests for production of documents to Plaintiff.  Plaintiff did not timely respond, precipitating Defendant's motion to compel.  (ECF No. 88).  In his response, Plaintiff purports to provide responses to the requests.[1]  (ECF No. 90).  Defendants argue in their reply that these "responses" are insufficient.

---

[1] This is an improper means of responding to discovery.  Requests and responses may not be filed with the Court unless provided for in Local Rule 26.2.  The Court will not strike the responses included in Plaintiff's response this time only in the interest of judicial economy so that this case may move forward now rather than waiting for Plaintiff to mail these responses to Defendants, and only then rule on the motion to compel.

The Court agrees most of the responses are non-responsive.  For example, Defendants asked Plaintiff to identify every medical treater outside the Michigan Department of Corrections and Wayne County Jail that provided treatment from May 24, 2015 to the present.  Plaintiff responded that the request was "overburdensome" and that MDOC, Sault Tribe, War Memorial Hospital and Robinson and Associates have all of the records.  (ECF No. 90, PageID.594).  This is not responsive.  Defendants asked Plaintiff to state exactly what he alleges Wellpath did that allegedly violated his rights.  In response, he stated "Wellpath was responsible through official policy in conjunction and contract with the WCJ to assure the humane treatment of Plaintiff while being treated thereby in the Wayne County Jail, which includes the scheduled surgeries etc." (*Id.*).  This is unresponsive.  Defendants propounded eight requests for production of documents that relate to or support his claims.  Plaintiff stated he "does not have any documents currently in his possession, they are at Robinson and Associates, and in medical records from the MDOC, Sault Tribe and War Memorial hospital." (*Id.*).  Again, unresponsive.  "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, *or has the legal right to obtain the documents on demand.*" *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (first emphasis original, second emphasis added) (further citation omitted).

Plaintiff has the legal right to obtain his own medical records. That he is not currently in possession of his records is not reason to withhold production of the documents.

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move to compel responses to discovery where the responding party fails to respond or provides evasive or incomplete responses. The motion to compel is **GRANTED**. Plaintiff must mail to Defendants full and proper responses to the discovery requests on or before **May 19, 2023**. The Dispositive motion deadline is extended to **June 16, 2023**. No further extensions will be granted for Plaintiff's failure to engage in discovery.

Plaintiff is warned that **failure to obey this Order and participate in discovery will result in sanctions under Fed. R. Civ. P. 37(b)(2)(A) or dismissal of the case for failure to prosecute under Fed. R. Civ. P. 41(b)**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection

is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: May 8, 2023
                        s/Curtis Ivy, Jr.
                        Curtis Ivy, Jr.
                        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 8, 2023, by electronic means and/or ordinary mail.

                        s/Kristen MacKay
                        Case Manager
                        (810) 341-7850