UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,
     Plaintiff,

v.

CITY OF DETROIT,  RN
DURAM, RN LONG, RN
GRAHAM, WELLPATH, and
JANE AND JOHN DOES,
     Defendants.
_____/

Case No. 19-13165

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS (ECF Nos. 92, 97)**

## I.    PROCEDURAL HISTORY

Before the Court are two motions to dismiss from the remaining defendants. (ECF Nos. 92, 97).  This case was referred to the undersigned for all pretrial matters.  (ECF No. 18).

For the reasons discussed below, the undersigned **RECOMMENDS** that the City of Detroit's motion to dismiss (ECF No. 92) be **GRANTED** and that the Wellpath Defendants' motion to dismiss (ECF No. 97) be **GRANTED**.

## II.    ANALYSIS AND RECOMMENDATIONS

As discussed in a prior Report and Recommendation, the Court severed claims and dismissed defendants, leaving only Plaintiff's claim about deliberate

indifference in 2019 while he was housed at the Wayne County Jail against health

care provider Wellpath and Wellpath employees, and the City of Detroit.  The

relevant facts from the amended complaint were summarized in that Order:

> LaPine alleges that he was scheduled for spinal surgery
> on October 2, 2019 to treat a nerve root impingement,
> spinal stenosis, degenerative disk disease, acute sciatica,
> herniated and bulging disks, arthritis, and neuropathy. He
> says he was assured by Wellpath defendants Duram,
> Graham, and Long that the scheduled surgery had been
> coordinated with Henry Ford Hospital. Dr. Patsalis and
> Dr. Myles also assured LaPine that he was having
> surgery on October 2, 2019. According to LaPine, the
> surgery was not performed, and there is a reasonable
> likelihood that he will be paralyzed as a result. LaPine
> also alleges that Dr. Patsalis repeatedly refused to give
> him the medication he needed for his neuropathy, causing
> him severe pain.

(ECF No. 59, PageID.408) (internal citations omitted).

The City of Detroit argues it should be dismissed under Fed. R. Civ. P.

12(b)(6) because there are no allegations alleged against it in Plaintiff's amended

complaint.  (ECF No. 92).  Plaintiff did not file a response opposing this motion.

Defendants Duram, Graham, Long, and Wellpath (the "Wellpath Defendants")

argue for dismissal under Fed. R. Civ. P. 37(b)(2)(A) on the grounds that Plaintiff

failed to obey the Court's Order to provide discovery.  (ECF No. 97).  Plaintiff

timely responded to this motion.  (ECF Nos. 100, 104).

A.    <u>City of Detroit's Motion to Dismiss</u>

The City of Detroit moves to dismiss under Rule 12(b)(6) for failure to state a claim. This motion comes after it filed an answer to Plaintiff's amended complaint. Rule 12(b) provides that "[a] motion asserting [a 12(b)(6) defense] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Even so, pursuant to Rule 12(h), the Court construes Defendant's "late" Rule 12(b)(6) motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Sheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988) (construing post-answer Rule 12(b)(6) motion as a Rule 12(c) motion) and various citations contained therein; *see also*, 2 *Moore's Federal Practice—Civil* § 12.38.

The standard of review for a motion for judgment on the pleadings under Rule 12(c) is substantially the same as that for a motion to dismiss under Rule 12(b). *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) ("A rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss.") (citations omitted); *Moore's, supra*. When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(concluding that a plausible claim need not contain "detailed factual allegations,"

but it must contain more than "labels and conclusions" or "a formulaic recitation of

the elements of a cause of action"). Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678. "The plausibility of an inference depends on a host of considerations,

including common sense and the strength of competing explanations for the

defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727

F.3d 502, 503 (6th Cir. 2013).

The Court also holds *pro se* complaints to "less stringent standards than

formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

(1972). Still, even in pleadings drafted by *pro se* parties, "'courts should not have

to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F.

App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were

never presented . . . nor may courts construct the Plaintiff's legal arguments for

him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit

Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting

4

report and recommendation of Binder, M.J.); *see also*, *Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at \*2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

The City of Detroit is correct that Plaintiff did not allege any wrongdoing against it on the remaining claim of inadequate medical care in 2019. (*See* ECF No. 11). And none of the other remaining defendants are linked to the City of Detroit. The City of Detroit's motion to dismiss should be **GRANTED**, and it should be dismissed from this case.

B.   Wellpath Defendants' Motion to Dismiss

Wellpath Defendants seek dismissal of this case under Federal Rule of Civil Procedure 37(b)(2)(A)(v) for Plaintiff's failure to comply with an Order to provide discovery. Wellpath Defendants served discovery requests on Plaintiff during January 2023. During April 2023, Wellpath Defendants moved to compel Plaintiff to respond to interrogatories and requests for documents because as of the date of that motion, Plaintiff had not responded to the requests. Because Plaintiff's responses to discovery requests and the Court's Order to provide discovery are the heart of this matter, the undersigned will detail the discovery dispute.

The interrogatories sought (1) the identity of each medical facility that provided treatment to Plaintiff since May 24, 2015 and the chief health complaints,

(2) whether Plaintiff was hospitalized for any psychiatric reason, (3) for Plaintiff to identify the damages he claims, including the type, amounts with calculations, a summary of facts supporting each type of claimed damages, and any documents supporting damages, (4) a statement of how Wellpath violated his rights, (5) a statement of how Defendant Durham violated his rights, (6) a statement of how Defendant Long violated his rights, (7) a statement of how Graham violated his rights, (8) for each lay witness, provide contact information and the facts to which the witness is expected to testify, (9) a statement whether Plaintiff consulted with an expert witness, and (10) information for each civil or criminal lawsuit Plaintiff was a party to.  (ECF No. 88-1, PageID.584-87).  The requests for production of documents asked for documents supporting the interrogatories and documents produced to Plaintiff from third parties and documents supporting the need for surgery alleged in the amended complaint and supporting the allegation that surgery had been scheduled for October 2, 2019.  (*Id.* at PageID.587-89).

Plaintiff "answered" the discovery requests in his response to the motion to compel.  Plaintiff identified the Sault Tribe Memorial Hospital and Robinson and Associates as having all of his medical records, but he did not produce the records. He said he did not have any psychiatric hospitalizations.  He asserted that Wellpath was responsible for ensuring he was humanely treated at the jail.  He asserted Defendants Durham, Long, and Graham assured Plaintiff they were working with

the prison to get his surgery scheduled; Graham also addressed Plaintiff's grievance.  He stated he intended to call the plaintiffs in a separate case filed against Wayne County.  He objected to providing information about other lawsuits. Finally, he asserted that he did not have documents in his possession, that documents were with Robinson and Associates, counsel in a separate case, and at the Sault Tribe hospital.  (ECF No. 90, PageID.594-95).

The Court granted the motion to compel because Plaintiff's responses to many requests were deficient.  For example, the Court explained that the responses related to Plaintiff's medical records and the claims against each Wellpath Defendant were deficient.  The Court ordered him to provide full responses to all the discovery requests on or before May 19, 2023, or be subject to sanctions under Rule 37(b)(2)(A), and would not allow further extensions for discovery or dispositive motion deadlines.  (ECF No. 95).

On May 23, 2023, Wellpath Defendants moved to dismiss because as of that date Plaintiff had not provided full responses to discovery requests.  Plaintiff submitted two responses to the motion, both of which the Defendants considered. (ECF Nos. 100, 104).  Discovery responses were (again) provided in the responses to the motion.  In the first response, Plaintiff stated that he called the Sault Tribe hospital for his records, but the hospital required an attorney to call for the records. He stated his records had been printed and provided three times separate from this

lawsuit, so he directed Defendants to another case, *LaPine v. Wayne Cnty.*, and prior counsel Robinson and Associates, who has all the records.  He suggested that the Court schedule a hearing and require the attendance of Robinson and Associates so that counsel could be ordered to provide the medical records.  (ECF No. 100, PageID.651).

In his second response, Plaintiff states that he spoke with the Sault Tribe hospital for his medical records.  In response to the damages interrogatory, Plaintiff asserted that "damages are ongoing."  (ECF No. 104, PageID.660).  He provided no specifics about his damages claims.  As to Defendant Graham's actions that violated Plaintiff's rights, he stated she responded to grievances and told him he needed medication and surgery, but failed to order or prescribe surgery and medication.  Plaintiff did not provide contact or other information about his lay witnesses because he was instructed by counsel to avoid contacting anyone about this case.  He said he would provide witness information after summary judgment when he obtains the information.  He again objected to providing information about other lawsuits, asserting that the request was irrelevant and overburdensome.  As to the documents requests, he ensured that his medical records were mailed to Defendants' counsel, but had no other documents to provide.  (*Id.* at PageID.660-63).  He did not provide greater response to any other interrogatory or document request.

In their reply, Wellpath Defendants acknowledge receipt of medical records, but argue this production does not equate to responding to their requests fully and completely.  They contend that Plaintiff has had ample time and multiple chances to provide full responses, but has failed to do so.  They maintain that they have been prejudiced by Plaintiff's failures and delays.  For instance, the dispositive motion deadline passed on June 16, 2023, without Defendants receiving sufficient answers from Plaintiff, and the Court stated that no further extensions would be allowed.  (ECF No. 105).

Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may impose sanctions upon a party who fails to obey an Order to provide or permit discovery.  Among the possible sanctions a court may impose is "dismissing the action or proceeding in whole or part[.]"  Fed. R. Civ. P. 37(b)(2)(A)(v).  The Sixth Circuit has explained that before considering discovery sanctions, a trial court should consider: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the opposing party's failure to cooperate in discovery; (3) whether the sanctioned party was warned that failure to cooperate could lead to severe sanctions; and (4) whether less drastic sanctions were imposed or considered.  *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

On balance, the factors weigh in favor of dismissal.

The court may find bad faith or willfulness when a party's conduct displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citation omitted). Plaintiff has shown a reckless disregard for the effect of his conduct. Wellpath Defendants served discovery requests in January 2023. The Court Ordered Plaintiff to provide full responses in May 2023, after explaining how his responses were deficient. To date, the only complete answer to the interrogatories and requests for production are the medical records Defendants received from the Sault Tribe hospital. This ignores most of the requests. Plaintiff's conduct has further delayed this action, which has been pending since October 2019.

Failure to cooperate with discovery causes prejudice when the requesting party is "unable to secure the information requested" and has "wasted time, money, and effort in pursuit of cooperation which the [other party] was legally obligated to provide." *Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 958 (6th Cir. 2018) (citation omitted). Wellpath Defendants have been prejudiced. Case deadlines have passed in this nearly four-years-old case. Defendants cannot be expected to continue to ask the Court to demand that Plaintiff provide responses to discovery that were due in or around February 2023. Plaintiff has known since he filed this lawsuit in October 2019 that he would have to prove that each defendant was liable

for the claimed violations.  He has known he would need medical records and to be able to explain his damages requests, including his calculations and supporting documents.  It could not have surprised Plaintiff that Defendants would ask for information about lay witnesses; Plaintiff's assertion that he will provide the information after summary judgment but before trial is too late.

Plaintiff was warned that his case could be dismissed if he failed to respond to the discovery requests.  Specifically, in the Order granting Wellpath Defendants' motion to compel production of medical records, the Court warned Plaintiff that "**failure to obey this Order and participate in discovery will result in sanctions under Fed. R. Civ. P. 37(b)(2)(A) or dismissal of the case for failure to prosecute under Fed. R. Civ. P. 41(b).**"  (ECF No. 95, PageID.624) (emphasis in original).  Despite the warning, Plaintiff still has not fully explained his case against each defendant, has not explained his damages, and has not provided lay witness information.

No other sanctions have been tried against Plaintiff.  That said, the Court can dismiss a complaint as the first and only sanction. *Harmon*, 110 F.3d at 368. "[D]ismissal is appropriate when a plaintiff engages in contumacious conduct that is 'sufficiently egregious.'" *Hills v. Garcia*, 2022 WL 4355138, at *5 (E.D. Mich. Sept. 20, 2022) (quoting *id.* at 369).  At this late stage in the litigation, and considering Plaintiff was already warned his case could be dismissed, Plaintiff,

11

who is no longer incarcerated, has shown very little effort to fulfil his obligations

as the plaintiff here to engage in discovery and comply with Court's Order.

Moreover, Plaintiff was given more time to respond to the discovery requests.  It

does not appear an additional extension will remedy the issue.

It is true that persons representing themselves in litigation are allowed some

latitude.  But there is no cause to extend such latitude to "straightforward

procedural requirements . . . that a layperson could comprehend as easily as a

lawyer."  *Muldrow v. Federal Exp. Corp.*, 81 F.3d 161, 1996 WL 125042, at \*1

(6th Cir. Mar. 20, 1996).

For these reasons, the undersigned recommends that Wellpath Defendants'

motion to dismiss be **GRANTED**, and the case be dismissed against them.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the

City of Detroit's motion to dismiss (ECF No. 92) be **GRANTED** and that the

Wellpath Defendants' motion to dismiss (ECF No. 97) be **GRANTED**, and that

these defendants, and the case, be **DISMISSED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 17, 2023                                   s/Curtis Ivy, Jr.
                                                              Curtis Ivy, Jr.
                                                              United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 17, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850