UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

                     Plaintiff,                              Case Number 19-13165

v.                                                Honorable David M. Lawson
                                                      Magistrate Judge Curtis Ivy, Jr.

CITY OF DETROIT, RN DURAM,
RN LONG, RN GRAHAM, JANE AND JOHN
DOES, and WELLPATH,

                     Defendants.

_____/

## ORDER ADOPTING IN PART AND REJECTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS BY DEFENDANT CITY OF DETROIT, DENYING REMAINING DEFENDANT'S MOTION TO DISMISS, AND CONTINUING ORDER OF REFERENCE

Plaintiff Darrin LaPine was a prisoner in the custody of the Michigan Department of Corrections when he was transferred to the Wayne County Jail during certain time periods from June of 2019 through January of 2020. He filed a lawsuit against a variety of defendants, which in essence stated three discrete putative claims. He challenged a disciplinary proceeding and prosecution for maiming another inmate that occurred in 2015 and 2016; he alleged that he was mistreated by jail personnel in 2017 when he was handcuffed to another inmate during a walk from the jail to the court and was injured when the inmate fell and LaPine was not given medical attention; and he contended that medical personnel at the jail were deliberately indifferent to his medical needs in 2019 when they failed to follow through on spinal surgery that was to be conducted at a local hospital. The case was referred to a magistrate judge for pretrial proceedings. After a series of motions by the defendants and reports by the magistrate judge (which the Court adopted), the claims have been thinned and many of the defendants have been dismissed from the case. Those that remain are the deliberate indifference claims against defendants Wellpath and

nurses Long, Graham, and Duram (the Wellpath defendants), and claims against the City of Detroit based on the contention that some of the events about which the plaintiff complained involved personnel and agencies — "[t]he re-entry center, Prosecutor's office, state police department and the county jail," ECF No. 92-2 — are within the City of Detroit.

The City of Detroit moved to dismiss the case against it under Federal Rule of Civil Procedure 12(b)(6), arguing that the amended complaint does not allege any wrongdoing against the City or any of its employees. The Wellpath defendants moved to dismiss the case against them under Rule 37(b)(2)(A) because the plaintiff's discovery responses were inadequate. Magistrate Judge Curtis Ivy, Jr. filed a report on July 17, 2023 recommending that both motions be granted and the case be dismissed. The plaintiff filed timely objections, to which the Wellpath defendants responded. The matter is before the Court for fresh review.

I.

The facts relevant to the remaining claims focus on 2019, when LaPine was a Michigan prisoner in the Wayne County Jail. LaPine alleges that he was scheduled for spinal surgery on October 2, 2019 to treat impinged nerve roots, severe spinal stenosis, degenerative disk disease, acute sciatica, herniated and bulging disks, severe arthritis, and severe neuropathy. He says he was assured by Wellpath defendants Duram, Graham, and Long, who are all nurses, that the scheduled surgery had been coordinated with Henry Ford Hospital. Dr. Angelo Patsalis and Dr. Richard Myles also assured LaPine that he was having surgery on October 2, 2019. According to LaPine, the surgery was not performed, and there is a reasonable likelihood that he will be paralyzed as a result. LaPine also alleges that Dr. Patsalis repeatedly refused to give him the medication he needed for his neuropathy, causing him severe pain. LaPine asserted the claims against Wayne County and the Wayne County Prosecutor's Office (the Wayne County

defendants); health services provider Wellpath and its nurses Duram, Long, and Graham (the Wellpath defendants); and the City of Detroit. Drs. Patsalis and Myles, who also were originally defendants, have since passed away, and the claims against them and the Wayne County defendants were dismissed on October 4, 2022 without objection by the plaintiff.

The City of Detroit filed its answer to the amended complaint on March 3, 2021, and the Wellpath defendants filed their answer on March 9, 2022. On May 5, 2023, the City of Detroit filed its motion to dismiss, and on May 23, 2023 the Wellpath defendants filed their motion for dismissal.

The Wellpath defendants served discovery requests on the plaintiff during January of 2023. On April 4, 2023, the Wellpath defendants moved to compel the plaintiff to respond to interrogatories and requests for documents because as of the date of that motion, the plaintiff had not provided responses.

In their interrogatories and document requests served on January 13, 2023, the Wellpath defendants sought information concerning (1) the identity of each medical provider that treated the plaintiff since May 24, 2015 and the plaintiff's chief health complaints; (2) whether the plaintiff had ever been hospitalized for any psychiatric reason; (3) the plaintiff's damages, including the type, amounts with calculations, a summary of facts supporting each type of claimed damages, and any documents supporting damages; (4) a statement explaining how Wellpath violated his rights; (5) a statement explaining how defendants Duram, Long, and Graham each violated his rights; (6) the contact information of anticipated lay witnesses and the facts to which those witness are expected to testify; (7) a statement whether the plaintiff consulted with any expert witnesses; and (8) information about each civil or criminal lawsuit to which the plaintiff was a party. The document requests sought materials supporting the plaintiff's interrogatory responses, documents

produced to the plaintiff from third parties, documents supporting the plaintiff's need for surgery, and documents supporting the plaintiff's allegation that surgery had been scheduled for October 2, 2019.  The Court extended the response date to April 26, 2023.

After the plaintiff failed to respond, the defendants moved to compel responses.  On April 27, 2023, the plaintiff provided some answers to the discovery requests — many of which were perfunctory statements — in his response to the motion to compel.  LaPine objected to the request to produce medical information as overburdensome but identified the Sault Tribe Memorial Hospital and Robinson and Associates as possessing all of his medical records.  He stated that he had never been hospitalized for a psychiatric reason.  He asserted that Wellpath was responsible for ensuring that he was treated humanely at the jail and argued that defendants Duram, Long, and Graham assured him they were working with the prison to get his surgery scheduled; Graham also addressed his grievance.  He stated that he intended to call as witnesses the plaintiffs in the case of *Lomax v. Wayne County*, No. 21-11533, which is pending in this court.  He objected to providing information about other lawsuits.  Finally, he asserted that he did not have documents or records in his possession and that any documents were with Robinson and Associates, his attorneys in a separate case, or at the Sault Tribe hospital.

Judge Ivy granted the motion to compel because he found many of the plaintiff's responses deficient.  He ordered LaPine to provide full responses to all of the discovery requests by May 19, 2023 or be subject to sanctions under Rule 37(b)(2)(A).  He also warned LaPine that he would not grant further extensions to discovery or dispositive motion deadlines.

On May 23, 2023, the Wellpath filed their present motion to dismiss the case because the plaintiff still had not provided full responses to their discovery requests.  The plaintiff submitted two responses to that motion, both of which again included discovery responses.  In the first

response, filed June 7, 2023, the plaintiff suggested that the Sault Tribe hospital would not release his records to anyone other than an attorney.  He asserted that his records had been printed and provided three times previously, so he directed the defendants to another case, *LaPine v. Wayne County.*, No. 21-11308, and to his attorneys in that case, Robinson and Associates, whom he believes possess all the records.  He recommended that the court schedule a hearing and require the attendance of Robinson and Associates so that counsel could be ordered to provide the records.

In his second response, filed on July 10, 2023, the plaintiff stated that he "confront[ed]" the Sault Tribe hospital about his medical records and had them released to the Wellpath defendants.  ECF No. 104, PageID.660.  He maintained that he contacted counsel for the defendants and had not heard back.  In response to the defendants' damages interrogatory, LaPine asserted that "damages are ongoing" and that he is experiencing "ongoing pain, suffering and mental anguish," but did not provide specific monetary figures.  He elaborated on defendant Graham's actions slightly, noting that she responded to his grievances and told him he needed medication and surgery but did not order it.  LaPine also contended that he could not provide names or contact information of lay witnesses because he was instructed by counsel to avoid contacting anyone about this case.  He said he would provide witness information "after summary judgment."  *Id.* at PageID.661.  He again objected to providing information about other lawsuits, asserting that the request was irrelevant and overburdensome.  Finally, LaPine stated that the medical records were the only records he had to provide.

In their reply, the Wellpath defendants acknowledged receiving medical records from the Sault Tribe hospital but argue that this set of records is not fully responsive to their request.  They contended that the majority of LaPine's answers remain unresponsive to the discovery sought. And they maintained that they have been prejudiced by the plaintiff's failures and delays, which

hindered their ability to defend the case.  For instance, the defendants stated that they received the medical records on June 30, 2023, fourteen days after the June 16, 2023 dispositive motion deadline.

Magistrate Judge Ivy filed a report recommending that the Court grant both motions to dismiss.  He construed the City's motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because the City previously had filed an answer to the plaintiff's amended complaint.  He concluded that the amended complaint did not contain sufficient factual matter, accepted as true, to state a plausible claim because it did not allege any wrongdoing by the City related to the remaining claim of inadequate medical care, and none of the remaining defendants have a relationship with the City.

Judge Ivy also recommended granting the Wellpath defendants' motion to dismiss the complaint under Rule 37(b)(2)(A)(v) because of LaPine's failure to comply with the order to provide discovery.  Judge Ivy found that plaintiff showed a "reckless disregard for the effect of his conduct" and that the delays in the nearly four-year-old case prejudiced the defendants.  He also noted that the plaintiff was on notice that failure to comply with its order granting Wellpath's motion to compel could lead to dismissal.  Although he recognized that other sanctions had not been considered, he concluded that other remedies would be unproductive in light of LaPine's prior lack of effort toward fulfilling his obligations.  Judge Ivy determined that these circumstances weighed in favor of dismissal.

LaPine filed timely objections to the report and recommendation.

## II.

When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

This review is not plenary, however.  "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff filed three objections to the magistrate judge's report, only one of which merits extended discussion.  The first objection is to the sufficiency of the report in its entirety.  But that objection will not effectively provoke further review.  Objections to a magistrate's report and recommendation must be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious."  *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  "A general objection to the entirety of the magistrate's report has the same effect as would a failure to object," because it does not focus the Court's attention on any specific issues for review, "thereby making the initial reference to the magistrate useless."  *Ibid.*  This objection will be overruled.

The plaintiff's second objection is equally anemic.  After reiterating his grievances about Wellpath's failure to schedule him for surgery, LaPine says only that "[t]he City of Detroit is a different issue."  He says that his claims were severed, and the false arrest claims were dismissed. That observation, however, does not address the lack of allegations in the amended complaint against the City or its employees.  This objection does not call into question the magistrate judge's recommendation to grant the City's motion and dismiss the case against it.  This objection will be overruled.

In his third objection, LaPine insists that he did his best to comply with the discovery orders, and that the Wellpath defendants were not prejudiced by his responses because they already had most of the sought-after information.  He points out that he did not have and never had some of the records that were ordered to be produced.  And he says that many of the items were in the possession of attorneys that were representing him in a different case pending in this Court, and he gave permission for the attorneys to share them with the defendants.  The Wellpath defendants' response to the objection attacked the sufficiency of the plaintiff's objections, quoted extensively from the report and recommendation, and parroted the arguments they made in their motion to dismiss.

Federal Rule of Civil Procedure 37(b)(2)(A) states that a court may impose sanctions against parties for disobeying a discovery order, including dismissing their case.  In determining whether dismissal is an appropriate sanction for a discovery violation, the Sixth Circuit directs trial courts to consider "(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before

dismissal was ordered." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (quoting *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)).

LaPine's responses to the Wellpath defendants' discovery requests certainly were not fulsome, and his serial responses demonstrated improvements only on an incremental basis. But viewing all the *Regional Refuse* factors together, and considering the plaintiff's status as an unrepresented party, the magistrate judge's imposition of the ultimate sanction — dismissal — was not a proportionate response to the plaintiff's discovery lapses.

*Willfulness, bad faith, or fault*

Judge Ivy weighed this factor against the plaintiff, concluding that LaPine's actions exhibited "a reckless disregard for the effect of his conduct." ECF No. 106, PageID.680. The Sixth Circuit has acknowledged that a party's "reckless disregard for the effect of [his] conduct" on the proceedings is relevant to finding willfulness, bad faith, or fault. *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (alteration in original). But the court of appeals has also counseled that finding this level of culpability requires "a clear record of delay or contumacious conduct." *Id.* at 704 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). That record is not present here. Instead, it appears that LaPine has attempted to cooperate in the discovery process, at least to some degree. In their motion to compel, the defendants contended that LaPine did not respond to their discovery requests in advance of the April 13, 2023 discovery deadline. However, LaPine's response to their motion includes an attachment indicating that he furnished responses to their interrogatories as early as March 6, 2023. ECF No. 90, PageID.595. This response also included a signed authorization for the release of medical and employment information, which the defendants had requested. *Ibid.* The defendants may have believed LaPine's responses were insufficient, *see* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete

disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."), but he was in contact with the defendants about their requests and not obstructing definitively their access to information.

LaPine did miss the court's deadline to respond to the Wellpath defendants' motion to compel, which was due on April 26, 2023, but the docket shows the response was filed the next day. And this delay is less egregious than it seems since LaPine's certificate of service suggests that he mailed the response on April 18, 2023. Although this does not make the filing timely as the so-called "mailbox rule" only applies to prisoners, *see Meersman v. Regions Morgan Keegan Tr.*, No. 20-00154, 2020 WL 2319785, at *5 (M.D. Tenn. May 11, 2020) (discussing situations where the rule applies), it does suggest that the plaintiff's late filing was not intentionally dilatory.

Other aspects of the record do not show recklessness. When Judge Ivy granted the Wellpath defendants' motion to compel after finding LaPine's initial discovery responses deficient, he set a deadline for May 19 for him to provide "full and proper responses" to the defendants but did not specify what he meant. The defendants maintain that LaPine did not provide complete responses by that deadline. On June 7 and July 10, LaPine filed a response to the Wellpath defendants' motion to dismiss that contained his updated answers to the Wellpath defendants' interrogatories. Although belated, his response suggests that he had been in regular communication with the defendants' attorney regarding their interrogatories and had been attempting to furnish his medical records. The defendants acknowledge these communications and note that they eventually received the records. The delays in this case do not appear to have been part of a pattern or solely LaPine's fault.

Judge Ivy also criticized the plaintiff for not producing his medical records. But a party's inability to comply with a discovery request is a relevant factor to determining whether that party

has exhibited the necessary culpability to warrant dismissal.  *See United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)).  Under Federal Rule of Civil Procedure 34, a party may request the opposing party to produce relevant documents "which are in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a)(1).  However, "a party may not be compelled to produce papers or things which are not in his possession, custody, or control." *Cent. States, Se. & Sw. Areas Pension Fund v. R-W Serv. Sys., Inc.*, No. 82-1899, 1984 U.S. App. LEXIS 14002, at *6 (6th Cir. 1984) (quoting 4A J. Moore, Moore's Federal Practice P34.17 (2d ed. 1983 revision)).  A party has control over records that they have a "legal right to obtain . . . on demand."  *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995).  "[I]nformation actually in the possession of the producing party or information 'easily' obtained is deemed "available.""  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 218 n.7 (citing *In re Sambrano*, 440 B.R. 702, 710 (Bankr. W.D. Tex. 2010)).  But LaPine has repeatedly asserted that he did not have access to his medical records at the Sault Tribe hospital.  Because LaPine never was in possession of the records and could not get them on demand, he had no duty to disclose them and cannot be sanctioned for their nonproduction.  *See Lasko v. Mobile Hyperbaric Ctrs., LLC*, No. 1:19-CV-542, 2021 WL 733768, at *5 (N.D. Ohio Feb. 25, 2021), *appeal dismissed*, No. 21-3217, 2021 WL 4057797 (6th Cir. July 9, 2021) ("[The plaintiff's] second disclosure duty and duty to produce the medical records was not triggered until she came into possession of the documents." (citing Fed. R. Civ. P. 26(a)(1)(A)(ii); and Fed. R. Civ. P. 34(a)(1))).

And LaPine actually did provide the defendants with an executed medical release form as they requested, which they could have used to obtain his records in March.  That is the usual practice for a counterparty, so that a subpoena can issue to the provider and there can be some

assurance that a complete set of the records are produced.  LaPine's willingness to provide a medical records release — which is frequently litigated — undermines a finding of reckless disregard.  *Cf. Uszak v. Yellow Transp., Inc.*, 343 F. App'x 102, 108 (6th Cir. 2009) (affirming sanctions against attorney who refused to have his client sign a medical release rather than file a motion).

The record does not support Judge Ivy's finding that LaPine exhibited reckless disregard for the effect of his conduct.  Rather, it is more characteristic of a *pro se* party struggling to engage with the litigation process.

### *Prejudice*

An opposing party is prejudiced by late or nonproduction of discovery responses when he or she is "unable to secure the information requested" and has "wasted time, money, and effort in pursuit of cooperation which the [other party] was legally obligated to provide."  *Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 958 (6th Cir. 2018) (citing *Harmon*, 110 F.3d at 368).  This factor also weighs against dismissal.  As discussed above, LaPine made a colorable attempt to cooperate with opposing counsel during the discovery process and provided relevant information. In light of his *pro se* status, many of his interrogatory responses are arguably responsive to the defendants' questions.  For instance, he answered clearly that he had never been subject to a psychiatric hospitalization, and he provided statements about what the defendants did that violated his rights.

Apparently, the Wellpath defendants do not see it that way.  They seem to focus on LaPine's response to Interrogatory number 1, which sought the identities of "each medical treater/facility" that served him, as well as the dates and his chief complaints.  In support of their motion to compel, the defendants argued that LaPine's response failed to provide "any information

of substance." ECF No. 91, PageID.601. But LaPine's response, though terse, did answer the core of the defendants' request by listing the entities with possession of his records and including the executed release form. The defendants criticize the substance of LaPine's responses, but it is LaPine who has to live with them. The responses may not serve him well if he has to defend against a motion for summary judgment. But they are responses nonetheless.

Also, it is not apparent whether the defendants ever attempted to use the authorization to obtain the plaintiff's medical records from the Sault Tribe hospital, but to the extent they encountered difficulties, they have not shown that LaPine himself was the cause.

And the defendants (and the magistrate judge) complain that the plaintiff's tardy responses prolonged this case. But the Wellpath defendants have overlooked the fact that they did not initiate discovery until January of this year in a case that was filed in 2019.

On this record, the defendants have not demonstrated that they wasted time, money, or effort in obtaining information from the plaintiff to an extent justifying the dismissal of his complaint. This factor does not support the severe sanction of dismissal.

*Notice*

LaPine probably could have deduced that failure to comply with the magistrate judge's discovery order could lead to dismissal, even though he was not warned in so many words about the inevitability of that fate. In his May 8, 2023 order granting the Wellpath defendants' motion to compel, Judge Ivy stated that "failure to obey this Order and participate in discovery will result in sanctions under Fed. R. Civ. P. 37(b)(2)(A) or dismissal of the case for failure to prosecute under Fed. R. Civ. P. 41(b)." ECF No. 95, PageID.624. This text appears in a bold font. *Ibid.* The order also states some of the ways in which the plaintiff's previous responses were inadequate,

though in a perfunctory manner.  Still, LaPine cannot claim ignorance of the fact that dismissal was a possibility.  This factor militates in favor of dismissal.

*Alternative sanctions*

Judge Ivy acknowledged that no other sanctions had been attempted or even threatened. Nonetheless, a court's decision not to consider alternative sanctions is permissible when the other factors point strongly toward dismissal.  *Lovingood v. Monroe Cnty.*, No. 22-5022, 2022 WL 17069662, at *5 (6th Cir. Nov. 17, 2022) ("Based on the weight of the first three factors, the court's failure to consider lesser sanctions was acceptable.").  Imposing a case-terminating sanction upon an unrepresented party as the first measure of discipline can be unusually severe.  It is here.  It would have been prudent to try something less drastic.  Moreover, the first two factors — whether the failure to cooperate in discovery was due to willfulness, bad faith, or fault, and whether the failure prejudiced the defendants — do not weigh heavily against LaPine.

\* \* \* \* \*

There is little doubt that certain aspects of LaPine's responses were and remain deficient. He has repeatedly failed to provide a response to Interrogatory 10, which requested information about other pending lawsuits to which the plaintiff was a party.  That information would not go the heart of the liability question, but it is relevant to damages and, perhaps, LaPine's credibility. Nor has he provided the contact information or anticipated testimony of lay witnesses.  And LaPine's most recent response to the Wellpath defendants' interrogatories comes approximately three months after the close of discovery.  But "[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort."  *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985).  One alternative might be to require LaPine to live with his answers when it comes time to defend a summary judgment motion, or to prevent him from relying on affidavits from

- 14 -

undisclosed witnesses.  Dismissals for procedural violations generally are not preferred to deciding a case on its merits. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (noting that it would be "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided" based on technicalities).

In all events, the Court is convinced that dismissal under Rule 37(b)(2)(A)(v) is not an appropriate sanction for LaPine's discovery violations — at least not yet.

III.

The magistrate judge correctly concluded that the plaintiff's complaint fails to state a plausible claim against the City of Detroit.  However, his recommendation that the Court dismiss the case pursuant to Rule 37 is too harsh a sanction under the circumstances.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 106) is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation are **OVERRULED IN PART AND SUSTAINED IN PART**.

It is further **ORDERED** that the motion to dismiss by defendant City of Detroit (ECF No. 92) is **GRANTED**, and the plaintiff's claims against that defendant are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the motion to dismiss by defendants Wellpath, R.N. Duram, R.N. Graham, and R.N. Long (ECF No. 97) is **DENIED**.

It is further **ORDERED** that the case is returned to the magistrate judge under the supplemental order of reference (ECF No. 18).

s/David M. Lawson<br/>
DAVID M. LAWSON<br/>
United States District Judge

Dated:   October 25, 2023